IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>[46] HAROLD BELTRAN-SANTIAGO,<br><br>Defendant. | CRIMINAL NO. 07-488 (ADC) |

**REPORT AND RECOMMENDATION**

Defendant Harold Beltrán-Santiago was charged in Counts One (1) through Five (5), and Count Eleven (11) of an Indictment and he agreed to plead guilty to Count One of the Indictment. Count One charges that, beginning in or about the year 2005, exact date unknown, and continuing up to and until the return the instant indictment in Trujillo Alto, Carolina and San Juan, District of Puerto Rico and elsewhere, and within the jurisdiction of this Court, defendant Beltrán-Santiago and other defendants, did knowingly and intentionally, conspire, combine and agree with each other and others known and unknown to the Grand Jury, to commit offenses against the United States, that is, to possess with intent to distribute one (1) kilogram or more of heroin, a Schedule I, Narcotic Controlled Substance; fifty (50) grams or more of cocaine base hereinafter referred to as crack cocaine), a Schedule II Controlled Substance, five (5) kilograms or more of cocaine, a Schedule II, Controlled Substance; and detectable amounts of marihuana, a Schedule I, Controlled Substance, within one thousand (1,000) feet of the real property comprising a housing facility owned by a public housing authority, that is, Nuestra Señora de Covadonga Public Housing Project; or of a public school, that is the Head Start Program Located within Nuestra Señora de Covadonga Public Housing Project all in violation of Title 21, United States Code, Sections 846, 845(a)(1), (b)(1)(c), (b)(2), and 860.

On October 31, 2008, defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Count One of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Count One, he was examined and verified as being correct that: he had consulted with his counsel, Angel Valencia-Aponte, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

United States of America v. Harold Beltrán-Santiago [46]
Criminal No. 07-488(ADC)
Report and Recommendation
Page 3

for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Valencia-Aponte, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty. The penalty for the offense charged in Count One is term of imprisonment of not less than (10) years and up to life imprisonment, a fine not to exceed four million dollars ($4,000,000.00), a term of supervised release of at least ten (10) years in addition to any term of incarceration.

Pursuant to the stipulated amount of drugs, that is at least five hundred (500) grams but less than two (2) kilograms of cocaine, the term of imprisonment is of not less than five (5)

years and up to forty (40) years imprisonment; and a fine not to exceed two million ($2,000,000.00) dollars and a term of supervised release of at least eight (8) years, all pursuant to Title 21, United States Code, Section 841(b)(1)(A) and 860.

In accordance with Title 21, United States Code, Section 860, the maximum penalties would be twice that of Sections 841, and at least twice the term of supervised release authorized by Section 841. The Court must also impose a mandatory penalty assessment of one hundred dollars($100.00), per count, to be deposited in the Crime Victim Fund.

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement pursuant to Rule 11(c)(1)(A) and (B) FRCP" ("the Agreement") and the "Plea Agreement Supplement" were shown to defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Count One, as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

The above-captioned parties' estimate and agreement that appears on page four (4), paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. The parties stipulate that, as part of the plea agreement, the defendant is accepting responsibility for at least five hundred (500) grams

United States of America v. Harold Beltrán-Santiago [46]
Criminal No. 07-488(ADC)
Report and Recommendation
Page 5

but less than two (2) grams of cocaine. Pursuant to U.S.S.G. § 2D1.1(7), the Base Offense Level is of Twenty-Six (26). Pursuant to U.S.S.G. § 2D1.2(a)(1), a two (2) level increase is warranted for protected location. Pursuant to U.S.S.G. § 3B1.2(b), a two (2) level decrease is warranted for minor role. Pursuant to U.S.S.G. § 3E1.1, a decrease of three (3) levels is agreed for acceptance of responsibility. Therefore, the Total Offense Level is of Twenty-Three (23), yielding an imprisonment range of fifty-seven (57) to seventy-one (71) months, assuming a Criminal History Category of III.

Pursuant to paragraph eight (8), the parties agree to recommend to the Court, that the defendant be sentenced to serve a term of imprisonment of sixty (60) months, or the lower end of the applicable guidelines should the CHC be higher than III. The total recommendation of sixty (60) months (or the lower end of the applicable guidelines if greater than 60 months). The parties understand that the Court is not bound by the recommendation and that the Court, after consideration of the factors contemplated within the U.S.S.G. and Title 18, United States Code, Section 3553, et seq., may sentence the defendant to any amount of time up to and including the statutory maximum for the offense to which he plead, and that such a sentence will not invalidate this agreement.

Pursuant to paragraph nine (9), the United States and the defendant agree that no further adjustments or departures to the defendant's total adjusted base offense level shall be sought by the parties. The parties agree that any request by the defendant for an adjustment or departure will be considered a material breach of this plea agreement. The parties agree that any request by the defendant for a sentence below the agreed upon term of sixty (60) months or for and adjustment or departure will be considered a material breach of this plea agreement.

Pursuant to paragraph ten (10), the parties do not stipulate any assessment as to the defendant's Criminal History Category.

At sentencing, the United States agrees to recommend a dismissal of the remaining counts of the Indictment which were filed against the defendant.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was able to understand this explanation and agreed with the government's submission.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so

United States of America v. Harold Beltrán-Santiago [46]
Criminal No. 07-488(ADC)
Report and Recommendation
Page 7

that they be allowed to correct or object to any information contained in said report which was not accurate. Depending on the facts found by the court at the time and the sentence imposed, both defendant and the government may appeal the sentence of the court.[2]

Count One of the Indictment was read in open court to defendant and he stated he understood the charges and that he was pleading guilty to Count One. Defendant was shown a written document entitled Statement of Facts, which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears. Defendant was provided an opportunity to see and examine same, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Count One of the Indictment in Criminal No. 07–488 (ADC).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Indictment in Criminal No. 07-488 (ADC).

---

[2] The right to appeal is subject to certain limitations allowed by law since the Agreement also includes in paragraph nineteen (19) a waiver of appeal. Defendant acknowledged discussing the waiver of appeal with his counsel and stated he understood the consequences of the same.

United States of America v. Harold Beltrán-Santiago [46]
Criminal No. 07-488(ADC)
Report and Recommendation
Page 8

**IT IS SO RECOMMENDED.**

The sentencing hearing will be scheduled promptly, before Honorable Aida M. Delgado-Colón, District Court Judge.

San Juan, Puerto Rico, this 3rd day of November of 2008.

s/ CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE